Matter of Behan v Career Start Inc. (2021 NY Slip Op 01453)





Matter of Behan v Career Start Inc.


2021 NY Slip Op 01453


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

529238

[*1]In the Matter of the Claim of David Behan, Appellant,
v
Career Start Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: February 5, 2021

Before: Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


David Behan, Rochester, appellant pro se.
Hamberger & Weiss LLP, Rochester (Stephen P. Wyder Jr. of counsel), for Career Start Inc. and others, respondents.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed January 28, 2019, which ruled, among other things, that claimant sustained a 60% loss of wage-earning capacity.
In October 2013, while working as a maintenance mechanic, claimant sustained a right inguinal hernia in his lower abdomen after he lifted a heavy object. He stopped working three months later. As a result of this injury, he filed a claim for workers' compensation benefits. His claim was established and he was awarded benefits for temporary partial disability at various rates thereafter.
In March 2018, a Workers' Compensation Law Judge (hereinafter WCLJ) directed that further proceedings be conducted with respect to the permanency of claimant's condition. In April 2018, the WCLJ conducted a hearing on claimant's loss of wage-earning capacity. However, due to claimant's failure to timely produce certain documentation, the hearing was adjourned. In May 2018, the hearing was continued and claimant gave testimony on his loss of wage-earning capacity. In August 2018, the WCLJ issued a decision that (1) classified claimant with a permanent partial disability, (2) found that he had a loss of wage-earning capacity of 60% and was capable of performing only sedentary work, (3) directed weekly payments of $454.10, (4) set April 13, 2018 as the effective date of permanency and (5) directed the employer's workers' compensation carrier to make a deposit into the Aggregate Trust Fund. The employer and its workers compensation carrier (hereinafter collectively referred to as the carrier) filed an application for Workers' Compensation Board review of this decision. Claimant also filed an application for Board review.
Upon review, a panel of the Board upheld the WCLJ's finding that claimant had a 60% loss of wage-earning capacity and, on its own motion, found that claimant had a 40% wage- earning capacity. Based on claimant's 40% wage-earning capacity, the Board adjusted the weekly benefit rate to $408.69. It also set August 15, 2018 as the effective date of permanency. Lastly, the Board concluded that the carrier was not required to make a deposit into the Aggregate Trust Fund. Claimant appeals.
Initially, claimant challenges the Board's finding that he has only a 60% loss of wage-earning capacity. We find his challenge to be unavailing. "In situations where, as here, a claimant sustains a permanent partial disability that is not amenable to a schedule award, the Board must determine the claimant's loss of wage-earning capacity in order to fix the duration of benefits" (Matter of Varrone v Costal Envt. Group, 166 AD3d 1269, 1270 [2018] [internal quotation marks and citation omitted], lv denied 32 NY3d 917 [2019]; see Matter of Castano v Westchester Community Coll., 179 AD3d 1263, 1264 [2020], lv denied 35 NY3d 906 [2020]). "In so doing, the Board must consider several factors, including the nature and degree of the work-related permanent impairment and the claimant's [*2]functional capabilities and vocational issues, such as the claimant's education, training, skills, age and proficiency in the English language" (Matter of Castano v Westchester Community Coll., 179 AD3d at 1264; see Matter of Rapaglia v New York City Tr. Auth., 179 AD3d 1257, 1258 [2020]; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 9.3, at 47-49 [2012]).
Here, the Board credited the opinion of Raymond Fiorini, a specialist in physical medicine, rehabilitation and pain medicine, who conducted an independent medical examination of claimant in 2018 and diagnosed him with "[c]hronic ilioinguinal pain status-post hernia repair surgery; most likely ilioinguinal neuralgia." Fiorini opined that claimant had reached maximum medical improvement, was subject to classification and had "a partial, moderate to marked degree of disability from his prior occupation." He indicated that there were limitations on claimant's ability to perform physical work involving the abdominal/suprapubic/groin region, noting that he should not perform repetitive bending, squatting or lifting, should not lift objects greater than 10 pounds or carry objects greater than 30 pounds, and should not climb ladders or be placed in a physically dangerous location. The Board also credited the opinion of Clifford Ameduri, another specialist in physical medicine and rehabilitation, who agreed with many of the restrictions imposed by Fiorini and opined that claimant was only capable of performing sedentary work.
In addition to the medical evidence, the Board also considered claimant's testimony with regard to relevant vocational factors. Claimant, age 57, testified that his work experience consisted primarily of machine maintenance, but that he also had an HVAC certification and had taken some courses in technical school. He stated, however, that his medical restrictions precluded him from performing many of the physical tasks that he had previously performed. He further stated that he had some basic computer skills, could drive a vehicle and could perform light-duty tasks around the house.
Claimant's physical limitations were clearly established as there was no conflict in the medical evidence. From this, it is evident that he could still perform sedentary work. In addition, he retained the ability to drive a vehicle and could perform limited physical tasks. Consequently, claimant was not rendered completely incapable of working as a result of his hernia injury, and substantial evidence supports the Board's finding that he had a 60% loss of wage-earning capacity (see Matter of Rapaglia v New York City Tr. Auth., 179 AD3d at 1260).
Claimant also takes issue with the Board's establishment of August 15, 2018 as the effective date of permanency. He asserts that the effective date should be the date when evidence of permanency was first submitted. However, the Board chose August 15, 2018 because it was the date of the hearing [*3]at which the WCLJ resolved all issues with respect to permanency. Inasmuch as this was consistent with Board precedent (see Employer: Four Seasons Hotel, 2019 WL 425071 [2019], 2019 NY Wrk Comp LEXIS 1049 [WCB No. G076 5147, Jan. 29, 2019]; Employer: Wegman's Food Markets Inc., 2018 WL 6431209 [2018], 2018 NY Wrk Comp LEXIS 8600 [WCB No. G067 3407, Nov. 30, 2018]), we find no reason to alter the Board's decision in this regard. We have considered claimant's remaining arguments and find that they are either unpreserved for our review or are lacking in merit.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.